UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHEN EDWARDS,

          Plaintiff,          Case No. 19-13742
                                  HON. VICTORIA A. ROBERTS

v.

RYAN ANDREW MAURER,

          Defendant.
_____/

**ORDER:**
**(1) GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**[ECF No. 6];**
**(2) DENYING PLAINTIFF'S MOTION TO SHOW CAUSE [ECF No. 10];**
**(3) DENYING PLAINTIFF'S MOTION FOR SANCTIONS [ECF No. 12];**
**AND (4) ISSUING INJUNCTION**

## I.    INTRODUCTION

Before the Court are: (1) Defendant Ryan Maurer's ("Maurer") Motion to Strike Plaintiff's Complaint and/or for Summary Judgment [ECF No. 6]; (2) Plaintiff Stephen Edwards ("Edwards") Motion to Show Cause [ECF No. 10]; and (3) Edwards' Motion for Sanctions [ECF No. 12].

The Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motions to Show Cause and for Sanctions. The Court **ENJOINS** Edwards from filing any new action in the Eastern District of

Michigan without first applying for and receiving a court order authorizing such filing.

## II.    FACTUAL BACKGROUND

This cause of action arises out of a motor vehicle accident that allegedly occurred on August 21, 2015 in Dearborn, Michigan between Maurer and Edwards.

This is the sixth lawsuit Edwards has filed concerning this accident. Edwards sued Maurer; his insurer, Citizens Insurance Company of the America, or its parent company, The Hanover Group; Maurer's attorney; and personnel assigned to handle Edwards' claim.

In May 2016, Edwards filed his first cause of action against Maurer in the Wayne County Circuit Court alleging negligence, gross negligence, wanton misconduct, and *res ipsa loquitur*. The court granted Maurer's Motion for Summary Disposition and dismissed Edwards' complaint.

In October 2017, Edwards filed a Claim of Appeal. The court dismissed it because there was no stenographer certificate.

Later that month, Edwards filed his second cause of action in the Wayne County Circuit Court against Citizens Insurance Company of America, Richard Danforth, Maria Robinson, Enterprise Rent-A-Car, Exponent Engineering, P.C., Jennifer Yaek, Michigan Department of

Insurance and Financial Services, State Bar of Michigan, Michigan Attorney Grievance Commission, and the Honorable Patricia Perez Fresard of the Wayne County Circuit Court. This cause of action alleged breach of contract, fraudulent misrepresentation, innocent misrepresentation, and civil conspiracy. In February 2018, the court granted Defendants' Motions for Summary Disposition and dismissed Edwards' complaint. In April 2018, Edwards' filed an Amended Motion for Reconsideration; the court found there was no palpable error in the original ruling and denied the motion.

In February 2018, Edwards filed a Claim of Appeal. The Michigan Court of Appeals dismissed the claim for lack of jurisdiction.

In November 2018, Edwards filed his third cause of action in the United States District Court for the Eastern District of Michigan against Defendants Citizens Insurance Company of the Midwest, City of Dearborn, Wayne County Third Circuit Court, and Enterprise Holdings. Edwards alleged bad faith, violations of 42 U.S.C. § 12101, intentional infliction of emotional distress, civil conspiracy, and punitive damages. The Court found Edwards failed to state a plausible claim, declared the allegations to be frivolous, and dismissed the claim.

In April 2019, Edwards filed a Notice of Appeal with the United States Court of Appeals for the Sixth Circuit. The Sixth Circuit dismissed Edwards' Notice of Appeal for want of prosecution.

In September 2019, Edwards filed his fourth cause of action against Defendants Ryan Maurer and Citizens Insurance Company of the Midwest in this Court as well, alleging auto negligence, bad faith, and fraud. The Court ordered Edwards to show cause that complete diversity existed between the parties. Edwards failed to respond to this order; he says he did not respond because his home was foreclosed, and he was homeless when the order entered. The Court dismissed Edwards' case without prejudice.

Edwards filed a fifth cause of action in the Worchester County Superior Court, State of Massachusetts, against Citizens' parent company, Hanover Insurance Group and its employees. The court found Edwards failed to state a claim upon which relief can be granted.

Edwards filed this latest cause of action against Maurer in December 2019, alleging auto negligence, fraud, fraud on the court, and gross negligence.

### III.    STANDARD OF REVIEW

#### A. Motion to Strike Plaintiff's Complaint

Maurer argues the Court is required to strike a complaint under 28 U.S.C. § 1915(e)(2)(B) when it is frivolous, malicious, or fails to state a claim. Whether a complaint fails to state a claim under 28 U.S.C. § 1915(e)(2)(B) is governed by the same standard applicable to motions to dismiss under Fed. R. Civ. P. 12(b)(6).

#### B. Motion for Summary Judgment

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251-52 (1986).

The moving party has the initial burden to show "the absence of a genuine issue of material fact." *Id.* at 323. Once the movant meets this burden, the non-moving party must demonstrate specific facts "showing there is a genuine issue for trial." *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (internal quotations and citations

5

omitted). To demonstrate a genuine issue for trial, the non-moving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Anderson,* 477 U.S. at 252. The Court must accept the non-movant's evidence as true and draw all "justifiable inferences" in the non-movant's favor. *See Anderson,* 477 U.S. at 255.

### C. Motion to Show Cause and for Sanctions

Under Fed. R. Civ. P. 11, a Court may impose appropriate sanctions "when a party submits to the court pleadings, motions or papers that are presented for an improper purpose, are not warranted by existing law or a nonfrivolous extension of the law, or if the allegations and factual contentions do not have evidentiary support." *First Bank of Marietta v. Hartford Underwriters Ins. Co.,* 307 F.3d 501, 510 (6th Cir. 2002); Fed. R. Civ. P. 11(b)(1) through (3); Fed. R. Civ. P. 11(c).

The procedural requirements under Rule 11 are explicit. First, a motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). Second, pursuant to the Rule's "safe harbor" provision, "a motion for sanctions must be served on the opposing party at least 21 days before filing the motion with

6

the court, in order to provide opposing counsel with the opportunity to withdraw the allegedly improper paper." *Tillman v. Apostolopoulos,* 2010 WL 5088763 at \*1 (E.D. Mich, Dec. 8, 2010). The Sixth Circuit held the safe harbor provision is "'unquestionably explicit" and is an "absolute requirement'" for seeking Rule 11 sanctions. *Id.* (quoting *Ridder v. City of Southfield,* 109 F.3d 288, 296 (6th Cir. 1997)).

Independent of the Federal Rules of Civil Procedure, a district court has the inherent authority to sanction parties for bad faith conduct in litigation. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46 (1991) ("[W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court should ordinarily rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power").

## IV. ANALYSIS

Maurer says Edwards' claims are barred: (1) by the doctrines of collateral estoppel and *res judicata*; (2) because Edwards failed to specifically plead the elements of a cause of action for fraud and this issue has also been previously adjudicated on the merits; (3) because of

7

insufficient service of process; and (4) because Edwards did not apprise the Court of the previously dismissed cases. Maurer also says Edwards is a vexatious litigant who seeks only to harass Maurer by filing multiple lawsuits.

### A. Maurer's Motion to Strike Plaintiff's Complaint and/or for Summary Judgment

#### a. Collateral Estoppel

The doctrine of collateral estoppel precludes "'relitigation of a matter that has been litigated and decided.'" *United States v. Davis,* 231 F. Supp. 2d 701, 704 (S.D. Ohio, May 9, 2002) (quoting *Cockrel v. Shelby County School Dist.,* 270 F.3d 1036, 1046 (6th Cir. 2001)).

The doctrine applies if: "(1) the precise issue raised in the present case [was] raised and actually litigated in the prior proceeding; (2) determination of the issue [was] necessary to the outcome of the prior proceeding; (3) the prior proceeding resulted in a final judgment on the merits; and (4) the party against whom [collateral estoppel] is sought had a full and fair opportunity to litigate the issue in the prior proceeding.'" *Id.* at 705 (quoting *Stern v. Mascio,* 262 F.3d 600, 608 (6th Cir. 2001)).

The fourth factor can be satisfied by showing that a party who was not involved in the prior litigation is in privity with the party that was. "A nonparty will be considered in privity, or sufficiently close to a party in the prior suit so

as to justify preclusion, in three situations: [(1)] a non-party who has succeeded to a party's interest in property is bound by any prior judgments against the party; [(2)] a non-party who controlled the original suit will be bound by the resulting judgment; [(3)] federal courts will bind a non-party whose interests were represented adequately by a party in the original suit." *Id.* (internal citations omitted).

Maurer says collateral estoppel bars Edwards' claims in total, or in part, because he is attempting to relitigate issues that were actually litigated and determined. Maurer says any and all issues related to Edwards' claims for tort liability for non-economic loss pursuant to MCL 500.3135, gross negligence, *res ipsa loquitor*, and entitlement to first-party no-fault benefits were litigated in his first cause of action in Wayne County Circuit Court.

Edwards says collateral estoppel does not apply because of the unique nature of the facts. He says the facts of his complaint do not mirror or even follow the prior state and federal actions. Rather, Edwards says he is "staking his outcome on the diversity jurisdiction of the Court based on the fraudulent activities of the Defendant and his counsel in the prior actions." [ECF No. 9, PageID.284].  He says he is relying on this fraud to reopen "what would otherwise be closed issues." Edwards fails to address the application of collateral estoppel to his claims of auto and gross negligence.

The Court finds Edwards' claims of auto and gross negligence are barred by the doctrine of collateral estoppel. He admits he has filed multiple lawsuits, and does not deny that any and all issues related to his claims for tort liability for non-economic loss pursuant to MCL 500.3135, gross negligence, *res ipsa loquitor*, and entitlement to first-party no-fault benefits, were fully litigated in his first cause of action filed in Wayne County Circuit Court.

### b. *Res Judicata*

Federal courts are required to "'give the judgments of state courts the same preclusive effect as they are entitled to under the laws of the state rendering the decision.'" *AuSable River Trading Post, LLC v. Dovetail Solutions, Inc.,* 874 F.3d 271, 274 (quoting *Exec. Arts Studio v. City of Grand Rapids,* 391 F.3d 783, 795 (6th Cir. 2004)).

Under Michigan law, a second, subsequent action is barred when "'(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first.'" *Id.* (quoting *Adair v. State,* 470 Mich. 105, 680 N.W.2d 386, 396 (2004) (internal citation omitted)). Michigan courts apply *res judicata* broadly, barring "not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising

10

reasonable diligence, could have raised but did not." *AuSable,* 874 F.3d at 274.

Maurer says that – similar to his argument for collateral estoppel – Edwards is attempting to relitigate issues that were or could have been presented in his first cause of action in the Wayne County Circuit Court. Maurer says Edwards' claims are barred by *res judicata* because he is attempting to relitigate issues that were or could have been presented before the court in the first action. He says Edwards could have raised issues of fraud and fraud on the court to the extent those issues related to the motor vehicle accident.

Edwards again says the facts of this action do not mirror or even follow the prior state and federal actions. Instead, he says his claim is based on the alleged fraudulent activities of Maurer and his counsel in the prior actions. He fails to elaborate how their alleged activities were fraudulent.

The Court finds Edwards' claims of auto and gross negligence are similarly barred by *res judicata*. He admits that he has filed multiple lawsuits and does not deny that he could have brought his claims in previous state actions.

However, *res judicata* does not bar Edwards' fraud claims.

11

### c. Edwards' Failure to Plead Fraud with Particularity

Although Edwards' fraud claims are not barred by *res judicata*, the Court nonetheless dismisses them.

Maurer says these claims of fraud and fraud on the court must be dismissed because Edwards: (1) fails to plead his fraud claims with particularity as required by Fed. R. Civ. P. 9(b). And, assuming Edwards sufficiently pled a cause of action for fraud, he is unable to satisfy the elements, and he already alleged fraud in his second and third underlying complaints, which were dismissed in the Wayne County Circuit Court.

Edwards says Maurer's attorneys "did make known misrepresentations to the Michigan and Federal courts to the extent that [Edwards] had received all required medical treatment under the Michigan No-Fault Act even though the Plaintiff had not received the allowable benefits. Further, that based on the aforementioned misrepresentation both the Michigan and Federal courts relied on Defendant's misrepresentation as intended by the Defendant, which ultimately resulted in [Edwards'] cases being dismissed." [ECF No. 9, PageID.285]. In the alternative, Edwards asks the Court for leave to file an amended complaint that comports with Rule 9(b).

In his complaint, Edwards says Maurer's "representatives engaged with willful wanton and [sic] cancelled a court hearing. [Maurer's] representative maliciously and purposely in an Un-Ethical manner called the court impersonating the plaintiff Edwards." [ECF No. 1, PageID.4]. He further alleges Maurer "conspired to misrepresent facts to the Wayne County Circuit Court in an effort to deprive [Edwards] of PIP benefits for injuries sustained in the collision." *Id.* Edwards attaches a 2017 email exchange with Attorney Richard Danforth, who is not the counsel of record for this case.

Rule 9(b) requires plaintiffs asserting fraud claims to state, "with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Edwards' fraud claims do not comply with Rule 9(b). Edwards does not elaborate on who specifically called the Wayne County Circuit Court, what statements were made, or the date in which the misrepresentations were made.

The Court will not allow Edwards to file an amended complaint. This is Edwards' third complaint in this district; each time, his fraud claims were not pled with particularity and were conclusory.

Edwards fails to address Maurer's arguments of insufficient service of process and Edwards' failure to apprise the Court of his previous state and

federal actions. Because the Court has already disposed of Edwards' claims, the Court need not address these arguments.

### B. Edwards' Motions to Show Cause and for Sanctions

Edwards alleges attorney Richard Danforth engaged in a systematic conspiracy to commit a fraud on the Wayne County Circuit Court by: (i) harassing him with threats of frivolous motions; (ii) failing and/or refusing to engage in meaningful negotiations; (iii) misrepresenting facts to the Court; (iv) misrepresenting the need to hire local counsel in order to gain a strategic advantage through the requested delay; (v) circumventing Edwards from hiring counsel; (vi) misrepresenting results of mediation to the court; and (vii) misrepresenting the need for adjournment. He also says attorney Donald C. Brownwell – Maurer's current counsel – engaged in a cover up by stating facts to the court he knew were false. Edwards requests defendants to show cause why judgment should not be entered against Maurer and why attorneys Brownwell and Danforth should not be sanctioned under Fed. R. Civ. P. 11 and held in contempt of court. Edwards seeks $20,000 from both lawyers.

Maurer says Edwards' motions should be denied because Edwards fails to: (1) comply with Local Rule 7.1 and include a brief with his motion;

(2) establish that he is entitled to judgment; and (3) comply with Fed. R. Civ. P. 11's safe harbor provision. Edwards does not address these arguments.

The Court declines to issue a show cause order or impose sanctions. Edwards makes conclusory statements of alleged wrongdoing and fails to satisfy Rule 11 requirements. Maurer says Edwards emailed a copy of his motion to his counsel on January 20, 2020, and then filed the motion on January 27, 2020.

Because of this failure to comply with Rule 11, the Court cannot impose sanctions. Further, even if Edwards had complied with Rule 11, he fails to elaborate on the alleged violative conduct.

## C. The Court Enjoins Edwards From Filing Future Actions

Maurer asks the Court to enter an injunction designating Edwards as a vexatious litigant and preventing him from continually and repeatedly filing causes of action related to the August 21, 2015 motor vehicle accident. The Court will do so.

Fed. R. Civ. P. 11 acknowledges the Court's inherent power to issue an injunction enjoining a plaintiff from future litigation if the Court determines that plaintiff is a vexatious litigant. *Feathers v. Chevron U.S.A.,* 141 F.3d 264, 269 (6th Cir. 1998).

To determine whether a pre-filing injunction is appropriate, the Court considers: "'(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, *e.g.,* does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expenses to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.'" *Scott v. Bradford,* 2014 WL 6675354 at *4 (E.D. Mich, Nov. 25, 2014) (internal citation omitted). Ultimately, the Court must determine whether a litigant is "likely to continue to abuse the judicial process and harass other parties." *Id.*

Edwards filed six causes of action related to this same motor vehicle accident. He had the opportunity to fully litigate his causes of action in the state court and appealed those findings. His federal actions assert conclusory, and at times, incoherent and rambling accusations with no real evidentiary support.

A pre-filing injunction is required to prevent Edwards' continuing abuse of the judicial process.

## V.    CONCLUSION

The Court **GRANTS** Defendant's Motion for Summary Judgment.

The Court **DENIES** Plaintiff's Motions to Show Cause and for Sanctions.

The Court will enter judgment for Maurer.

Edwards is **ENJOINED** from filing any new action in the Eastern District of Michigan without first applying for and receiving a court order authorizing the filing of such lawsuit.

**IT IS ORDERED.**


Date: May 21, 2020                                      s/ Victoria A. Roberts
                                                        Victoria A. Roberts
                                                        United States District Judge